## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-17-76-D |
| | ) | |
| FRANCISCO MADRIL-RODRIGUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the Court is Defendant's *pro se* filing entitled, "Judicial Notice and Motion for Reconsideration on the § 3582(c)(2) Denial Ruling" [Doc. No. 48].   Liberally construing the filing, the Court understands that Defendant moves for reconsideration of the Order of January 19, 2021 [Doc. No. 47], denying a motion to reduce his prison sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i).[1]  Upon consideration of the Motion, the Court finds that Defendant has failed to show a sufficient reason to reconsider the denial of compassionate release and, therefore, the Motion should be denied.

The January 19 Order dismissed Defendant's motion for compassionate release due to his failure to satisfy the procedural requirements of § 3581(c)(1)(A) and, alternatively, denied the motion because he "failed to show that COVID-19 has created extraordinary and compelling circumstances that would justify reducing his prison sentence."  *See* Order at 6.  Defendant does not address the Court's procedural ruling, and thus provides no reason

---

[1] Because Defendant appears *pro se*, the Court liberally construes his pleadings and arguments, but does not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

to reconsider this ruling. Defendant's only basis for reconsideration is a "recent change of events," that is, the occurrence of an increased number of positive COVID-19 cases among inmates at the private correctional facility where he is confined. *See* Def.'s Mot. at 2. In his arguments, Defendant ignores the substance of the Court's findings regarding compassionate release: "neither Defendant's age nor any underlying medical condition places him at high risk of developing a severe illness;" "if one accepts Defendant's allegation that he contracted the disease, his medical records do not show he developed severe symptoms;" reducing Defendant's prison sentence would not secure his release because "he is subject to continued detention by ICE for deportation or removal proceedings;" and given these factual circumstances, Defendant had not shown the existence of extraordinary and compelling reasons for a reduction of his prison sentence. *See* Order at 5-6.

"The court of appeals has held that "motions to reconsider in criminal cases are not grounded in a rule or statute" but fall within a district court's inherent authority. *See United States v. Randall*, 666 F.3d 1238, 1242 (10th Cir. 2011). The court of appeals in *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014), endorsed the civil standard for use in criminal cases:

> A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Specific grounds include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id*. A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier. *Id*.

Liberally construing Defendant's Motion, the Court understands that he asks for reconsideration of its ruling that "he has not demonstrated 'extraordinary and compelling reasons' for compassionate release." *See* Order at 5. Even viewed in this way, Defendant does not address the findings on which this ruling was based. The Court found that Defendant had not shown a particular vulnerability to COVID-19 nor a likelihood of release from custody if his prison sentence were reduced. Further, Defendant does not present new, previously unavailable evidence. He alleges that a significant number of COVID-19 cases have occurred at his place of confinement, but he provides no specific facts or evidence to substantiate his claim. Again, even if Defendant's allegation is true, this asserted change in circumstances does not undermine the basis of the Court's ruling.

For these reasons, the Court finds that Defendant fails to present a sufficient reason for reconsideration of the January 19 Order.

IT IS THEREFORE ORDERED that Defendant's Motion for Reconsideration on the § 3582(c)(2) Denial Ruling [Doc. No. 48] is DENIED.

IT IS SO ORDERED this 2nd day of March, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

3